O

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

WESTERN DIVISION

11

12  MORI PAM RUBIN, Regional Director )   Case No. 5:13-cv-00933-CAS (DTBx)
    of Region 31 of the National Labor   )
13  Relations Board, for and on behalf of )
    the NATIONAL LABOR RELATIONS )
14  BOARD,                                )   ORDER GRANTING TEMPORARY
                                          )   RESTRAINING ORDER UNDER
15              Petitioner,               )   SECTION 10(J) OF THE NATIONAL
                                          )   LABOR RELATIONS ACT
16                                        )
         v.                               )
17                                        )
    HOSPITAL OF BARSTOW, INC.,            )
18  D/B/A BARSTOW COMMUNITY               )
    HOSPITAL,                             )
19                                        )
              Respondent.                 )
20                                        )
                                          )
21                                        )
                                          )
22 ────────────────────────────

          THIS MATTER came before the Court on the verified petition of Mori Pam
23
   Rubin, Regional Director of Region 31 of the National Labor Relations Board,
24
   herein the Board, for a temporary injunction pursuant to Section 10(j) of the
25
   National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. §
26
   160(j)], herein the Act, pending the final disposition of the matters involved herein
27
28

which are now pending before an Administrative Law Judge of the Board. Respondent failed to file an opposition to the petition.

The Court held a hearing in this matter on June 24, 2013, at which counsel for Petitioner and Respondent appeared. After considering the parties' arguments at the hearing, the Court GRANTS Respondent leave to file an opposition on or before **July 1, 2013**. Petitioner may file a reply, if any, on or before **July 8, 2013**. The Court will hold a further hearing in this matter **on July 29, 2013, at 10:00 a.m**.

Furthermore, in order to preserve the status quo pending the continued hearing date and because Respondent does not object to the entry of a temporary restraining order pending a further hearing in this matter; now, therefore, it is:

ORDERED, ADJUDGED, AND DECREED that, pending the further hearing in this matter on July 29, 2013, or the final disposition of the matters at issue before the Board, a temporary restraining order shall issue enjoining, restraining, ordering, and directing Respondent, its officers, agents, successors, assigns, and all persons acting in concert or participation with it to:

**Cease and desist from:**

(a)     Failing and refusing to bargain in good faith with the California Nurses Association/National Nurses Organizing Committee (CNA/NNOC), AFL-CIO (the Union) as the exclusive collective-bargaining representative of its employees in the following appropriate Unit with respect to rates of pay, hours of employment and other terms and conditions of employment:

INCLUDED: all full-time, regular part-time, and per diem Registered Nurses, including those who serve as relief charge nurses, employed by the Employer at its facility located at 820 East Mountain View St., Barstow, California 92311 (the Unit).

/ / /

EXCLUDED: all other employees, including managers, confidential employees, physicians, employees of outside registries and other agencies supplying labor to the Employer, already represented employees, guards and supervisors as defined in the Act, as amended.

(b)     Unilaterally changing unit employees' terms and conditions of employment, including implementing a change to how employees in the Unit can obtain their certification training requirements, or any other change in wages, hours and working conditions during collective bargaining without consent of the Union and without bargaining to an overall good faith bargaining impasse.

(c)     Insisting, as a condition of reaching any collective-bargaining agreement, that the Union first provide all of its economic and non-economic proposals and, in support of this position, refusing to offer any proposals or counter-proposals and abruptly shortening and/or cancelling bargaining sessions.

(d)     Failing and refusing to bargain with the Union over the terms of a collective-bargaining agreement unless and until the Union agrees that the Unit employees discontinue the use of Assignment Despite Objection (ADO) forms and/or failing and refusing to bargain with the Union about the use of the ADO forms, a mandatory subject for the purposes of collective bargaining.

(e)     Failing and refusing to bargain in good faith with the Union as the exclusive collective-bargaining representative of the Unit by engaging in the following conduct: conditioning negotiations on non mandatory subjects of bargaining; refusing to offer proposals or counterproposals; abruptly shortening and/or canceling bargaining sessions; unilaterally implementing changes to Unit employees' certification training requirements; and insisting as a condition of reaching any collective-bargaining agreement that Unit employees no longer use ADO forms or, alternatively, failing and refusing to bargain with the Union regarding the ADO forms.

/ / /

1    (f)    In any other manner failing or refusing to bargain in good faith with
2  the Union with respect to rates of pay, hours of employment, and other terms and
3  conditions of employment for the employees described above in paragraph (a).

4    (g)    In any manner interfering with employees' rights under Section 7 of
5  the National Labor Relations Act (29 U.S.C. § 157).

7  IT IS SO ORDERED.

9  Dated at Los Angeles, California, this  24th day of  June, 2013.

CHRISTINA A. SNYDER
United States District Judge