O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORI PAM RUBIN, Regional Director of Region 31 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>HOSPITAL OF BARSTOW, INC., D/B/A BARSTOW COMMUNITY HOSPITAL,<br><br>　　　　　Respondent. | Case No. 5:13-cv-00933-CAS-DTB<br><br>ORDER GRANTING TEMPORARY INJUNCTION UNDER SECTION 10(J) OF THE NATIONAL LABOR RELATIONS ACT |

　　　THIS MATTER came before the Court on the verified petition of Mori Pam Rubin, Regional Director of Region 31 of the National Labor Relations Board, herein the Board, for a temporary injunction pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. § 160(j)], herein the Act, pending the final disposition of the matters involved herein which are now pending before an Administrative Law Judge of the Board.  The

1  Court held a hearing in this matter on July 29, 2013, at which counsel for Petitioner
2  and Respondent appeared.
3       The Court, upon consideration of the pleadings, evidence, briefs, arguments
4  of counsel, and the entire record in this case, has made and filed its order finding
5  and concluding that Petitioner is likely to successfully establish before the Board
6  that Hospital of Barstow, Inc., d/b/a Barstow Community Hospital has engaged in
7  and is engaging in acts and conduct in violation of Section 8(a)(1) and (5) of the
8  Act [29 U.S.C. § 158(a)(1) and (5)], affecting commerce within the meaning of
9  Section 2(6) and (7) of the Act [29 U.S.C. § 152(6) and (7)], and that such acts and
10 conduct will likely be repeated or continue unless enjoined.
11      Now, therefore, upon the entire record, it is:
12      ORDERED, ADJUDGED, AND DECREED that, pending the final
13 disposition of the matters at issue before the Board, an injunction issue enjoining,
14 restraining, ordering, and directing Respondent, its officers, agents, successors,
15 assigns, and all persons acting in concert or participation with it to:
16 **1.    Cease and desist from:**
17      (a)    Failing and refusing to bargain in good faith with the California
18 Nurses Association/National Nurses Organizing Committee (CNA/NNOC), AFL-
19 CIO (the Union) as the exclusive collective-bargaining representative of its
20 employees in the following appropriate Unit with respect to rates of pay, hours of
21 employment and other terms and conditions of employment:
22           INCLUDED: all full-time, regular part-time, and per diem Registered
23 Nurses, including those who serve as relief charge nurses, employed by the
24 Employer at its facility located at 820 East Mountain View St., Barstow, California
25 92311 (the Unit).
26           EXCLUDED: all other employees, including managers, confidential
27 employees, physicians, employees of outside registries and other agencies
28

supplying labor to the Employer, already represented employees, guards and supervisors as defined in the Act, as amended.

  (b) Unilaterally changing unit employees' terms and conditions of employment, including implementing a change to how employees in the Unit can obtain their certification training requirements, or any other change in wages, hours and working conditions during collective bargaining without consent of the Union and without bargaining to an overall good faith bargaining impasse.

  (c) Insisting, as a condition of reaching any collective-bargaining agreement, that the Union first provide all of its economic and non-economic proposals and, in support of this position, refusing to offer any proposals or counter-proposals and abruptly shortening and/or cancelling bargaining sessions.

  (d) Failing and refusing to bargain with the Union over the terms of a collective-bargaining agreement unless and until the Union agrees that the Unit employees discontinue the use of Assignment Despite Objection (ADO) forms and/or failing and refusing to bargain with the Union about the use of the ADO forms, a mandatory subject for the purposes of collective bargaining.

  (e) Failing and refusing to bargain in good faith with the Union as the exclusive collective-bargaining representative of the Unit by engaging in the following conduct: conditioning negotiations on non mandatory subjects of bargaining; refusing to offer proposals or counterproposals; abruptly shortening and/or canceling bargaining sessions; unilaterally implementing changes to Unit employees' certification training requirements; and insisting as a condition of reaching any collective-bargaining agreement that Unit employees no longer use ADO forms or, alternatively, failing and refusing to bargain with the Union regarding the ADO forms.

  (f) In any other manner failing or refusing to bargain in good faith with the Union with respect to rates of pay, hours of employment, and other terms and conditions of employment for the employees described above in paragraph (a).

(g) In any manner interfering with employees' rights under Section 7 of the National Labor Relations Act (29 U.S.C. § 157).

**2. Take the following affirmative action:**

(a) Upon request by the Union, bargain in good faith with the Union as the exclusive collective-bargaining representative of the Unit employees.

(b) Notify the Union of any proposed changes to terms and conditions of employment of the Unit employees and bargain in good faith with the Union regarding any such changes.

(c) Upon request by the Union, rescind the change to unit employees' certification training requirements that was made without bargaining with the Union.

(d) Within ten days of this Court's Order, hold a meeting or meetings at Respondent's facility, scheduled to ensure the widest possible attendance, at which this Court's Order is to be read to the employees by a responsible management official; said readings to occur in the presence of representative(s) of the Board or, at Respondent's option, read by a representative of the Board in the presence of a responsible Respondent management official.

(e) Post copies of this Order at Respondent's facility located at 820 East Mountain View St., Barstow, California, in all places where notices to employees are normally posted; maintain these postings during the National Labor Relations Board's administrative proceedings free from all obstructions and defacements; grant all employees free and unrestricted access to said postings; and grant to agents of the Board reasonable access to Respondent's facility to monitor compliance with this posting requirement.

(f) Within 21 days of the issuance of the Order, file with the Court, along with a copy to the Regional Director of Region 31, a sworn affidavit from a responsible official of Respondent setting forth with specificity the manner in

which Respondent has complied with the terms of the Order, including how and when it posted the documents required by the Order.

IT IS FURTHER ORDERED that this case shall remain on the docket of this Court.  On compliance by Respondent with its obligations undertaken hereto and upon disposition of the matters pending before the Board, the Petitioner shall cause this proceeding to be dismissed.

IT IS SO ORDERED.

Dated at Los Angeles, California, August 2, 2013.

*Christina A. Snyder*

CHRISTINA A. SNYDER
United States District Judge