UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-933 CAS (DTBx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | MORI PAM RUBIN V. HOSPITAL OF BARSTOW, INC., D/B/A BARSTOW COMMUNITY HOSPITAL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| Juan Gonzalez | | Robert Rosenthal | |

**Proceedings:** MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING PETITIONER'S MOTION FOR A TEMPORARY INJUNCTION (Docket #22, August 20, 2013)

## I.   INTRODUCTION AND BACKGROUND

Petitioner Mori Pam Rubin, the Director of Region 31 of the National Labor Relations Board (hereafter "the Regional Director" and "the NLRB," respectively), initiated this action on May 22, 2013. The Regional Director sought a temporary injunction restraining the Hospital of Barstow ("Barstow") from engaging in unfair labor practices related to its negotiations with the California Nurses Association ("CNA"). CNA has initiated proceedings against Barstow before the NLRB regarding the same allegedly unfair labor practices, and the Regional Director brought this action to obtain interim relief pending the resolution of those proceedings. The Court issued a temporary injunction in the Regional Director's favor on August 2, 2013. The relevant background facts are contained in the minutes of the motion hearing held in this Court on July 29, 2013.  5:13-CV-01063-CAS-DTB, Docket #18.

Barstow filed this motion for reconsideration on August 20, 2013. Petitioner filed an opposition on August 22, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-933 CAS (DTBx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | MORI PAM RUBIN V. HOSPITAL OF BARSTOW, INC., D/B/A BARSTOW COMMUNITY HOSPITAL | | |

A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

### III.  ANALYSIS

Barstow argues that the Court's analysis of the CNA's likelihood of success on the merits focused incorrectly on the "oral execution" of a written labor agreement. Barstow Mot. Reconsideration 5. Barstow argues that the portions of transcript of the proceeding before the NLRB contained in its Post-Hearing Supplement, filed on July 31, 2013, demonstrate that the parties executed an oral collective bargaining agreement, and that the agreement included a provision requiring the parties to arbitrate all disputes arising out of that oral agreement. Id. at 7. The fact that the parties previously submitted disputes to arbitration, argues Barstow, is evidence of that agreement to arbitrate. Id. at 7-8. In response, petitioner challenges Barstow's basis for moving for reconsideration, Pet'r Opp. Mot. Reconsideration 2-5, and argues that the Post-Hearing Supplement does not establish the existence of an oral agreement that requires arbitration of disputes, id. at 5-10.

The Court has re-examined Barstow's Post-Hearing Supplement, and is unpersuaded by Barstow's arguments. The transcripts appended to the Post-Hearing Supplement contain ambiguous and oblique references to various agreements and proposals. After re-examining those transcripts, it does not appear to the Court that CNA and Barstow entered into an oral collective bargaining agreement. And, even assuming *arguendo* that the transcripts indicated the existence of some type of oral agreement, it does not indicate what the terms of that agreement are.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-933 CAS (DTBx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | MORI PAM RUBIN V. HOSPITAL OF BARSTOW, INC., D/B/A BARSTOW COMMUNITY HOSPITAL | | |

### IV. CONCLUSION

Based on the foregoing, the Court DENIES Barstow's motion for reconsideration.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |